IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMON A. TORRES, JR., | : | Civil No. 3:16-cv-683 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| ADAMS COUNTY, *et al.*, | : | |
| Defendants | : | |

### MEMORANDUM

On May 26, 2016, Plaintiff, Ramon Torres, an inmate formerly housed at the Adams County Adult Correctional Complex, Gettysburg, Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Torres subsequently filed an amended complaint, which is the operative pleading. (Doc. 7). Torres also filed a motion for leave to proceed *in forma pauperis*. (Doc. 8). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and Torres will be directed to file a properly supported amended complaint.

I.   **Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

## II. Discussion

Torres' claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

> causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994).

Additionally, "[t]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." *Keys v. Carroll*, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In the instant action, Torres alleges that, while housed at the Adams County Adult Correctional Complex, he fell down a few steps and sustained injuries as a result of the fall. (Doc. 1, pp. 2-3). Named as Defendants are Adams County and the Adams County Adult

Correctional Complex. (*Id.* at p. 2). For relief, Torres seeks damages and requests that the court "place said county and facility under review". (*Id.* at p. 3).

Defendant Adams County is a municipality, and thus cannot be held liable, either for its conduct or for the conduct of employees in county agencies, such as the Adams County Adult Correctional Complex, pursuant to *respondeat superior*. See *Brickell v. Clinton County Prison Bd.*, 658 F.Supp.2d 621, 626-27 (M.D. Pa. 2009). To successfully allege a constitutional claim under § 1983 against Defendant Adams County, Torres must raise a *Monell* claim alleging that the County is a governmental entity and thus a "person" under § 1983 and, alleging that either a policy, or lack of policy, of Adams County led to the violation of his constitutional rights. See *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Under *Monell*, Adams County "can be sued directly under § 1983 ... [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by [Adams County's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell*, 436 U.S. at 690. Thus, in order to properly state a § 1983 claim against Adams County, Torres must not only allege that it qualifies as a governmental entity and thus is a person under § 1983, but Torres must also must allege that Adams County unconstitutionally implemented or executed a policy statement, ordinance, regulation,

decision or custom leading to the stated violations of his constitutional rights. Torres failed to do so. Other than naming Adams County in the caption of the complaint, Torres does not set forth any allegations against the County. Moreover, the complaint fails to name any individual Defendants employed by Adams County.

The Adams County Adult Correctional Complex is clearly not a person and may not be sued under § 1983. Section 1983 creates a cause of action against every "person" who under color of state law deprives an individual of a right secured by the Constitution or federal statute. See 42 U.S.C. § 1983. It is well-settled that "prisons and other correctional facilities are not 'persons' within the meaning of § 1983." *Ogden v. Huntingdon County*, 2007 U.S. Dist. LEXIS 59808, *7 (M.D. Pa. 2007) (Conner, J.). Additionally, a department within a prison "may not be sued under 42 U.S.C. § 1983 since it is not a person." *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). Accordingly, the Adams County Adult Correctional Complex is not a "person" within the meaning of § 1983 and is not a suitable entity for a § 1983 claim.

Based on the foregoing, the Court is confident that service of process is unwarranted at this juncture. However, in light of Torres' *pro se* status, he will be granted the opportunity to file an amended complaint. While Torres will be afforded an opportunity to file an amended complaint, he is strictly cautioned that the allegations in the amended complaint "should be specific as to time and place, and should identify the specific person or persons

responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing *Iqbal*, 556 U.S. at 676). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

## III.   Conclusion

Given that Torres is proceeding *pro se*, he will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief. Failure to file a properly supported amended complaint will result in dismissal of this action without further notice of Court.

An appropriate Order will issue.

Date: June 16, 2016

Robert D. Mariani
United States District Judge